# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

v.                                                   No. 3:15-cr-105 (SRU)

MORRIS LANIER

## RULING AND ORDER

Morris Lanier, a defendant in this criminal action, moves under 18 U.S.C. § 2518(10)(a)
to suppress the content of wire communications that the government intercepted. He asserts in
his motion (following the tripartite structure of section 2518(10)(a)) that the communications
were unlawfully intercepted, that the order authorizing the interception was insufficient on its
face, and that the interception was not made in conformity with the authorization order. In the
memorandum supporting the motion, however, he argues only that the government failed to
show the requisite necessity for the wiretap. I disagree, and therefore deny his motion.

The factual background of this case is described at some length in the memorandum
supporting Lanier's motion and in the government's opposition, so I do not repeat it in detail
here. The basic facts are that the government has charged eight people, including Lanier, with
drug-related crimes, and that as part of its investigation into those crimes, it used wiretaps (which
recorded Lanier) as authorized under 18 U.S.C. § 2510 *et seq*. Such wiretaps require judicial
authorization, and authorization was provided in this case by U.S. District Judge Michael P.
Shea. Lanier challenges that authorization.

An application for authorization of a wiretap must include "a full and complete statement
as to whether or not other investigative procedures have been tried and failed or why they
reasonably appear to be unlikely to succeed if tried or to be too dangerous," *id.* at § 2518(1)(c),

and section 2518(3)(c) requires a finding by the authorizing judge that the application established those facts. Lanier contends that the government failed to satisfy that "necessity requirement" because the affidavits supporting the application are "inundated . . . with generalizations and conclusory statements," and because the government already had significant success in its investigation using other techniques, such as physical surveillance and undercover buys.

"The requirement that there be disclosure as to the use, success, and potential success of other investigative techniques, however, does not mean 'that any particular investigative procedures must be exhausted before a wiretap may be authorized.'" *United States v. Miller*, 116 F.3d 641, 663 (2d Cir. 1997) (quoting *United States v. Young*, 822 F.2d 1234, 1237 (2d Cir. 1987)). On the contrary, the Second Circuit has explained that those statutory provisions "only require that the agents inform the authorizing judicial officer of the nature and progress of the investigation and of the difficulties inherent in the use of normal law enforcement methods." *Id.*

The application in this case was supported by two lengthy affidavits by FBI Special Agent Genaro Medina, Jr., both of which satisfy those requirements. Even if Lanier is correct that the government likely had probable cause to arrest some of the defendants (though notably not Lanier) even without the wiretap, that fact would not be sufficient to establish that the government failed to satisfy the necessity requirement. The government's objective was not merely to make a few arrests, but to disrupt a drug distribution network and determine its sources of drugs and guns. Agent Medina's affidavits describe the physical surveillance and undercover purchases that the government had already undertaken and why those methods would have been unlikely by themselves to identify the sources of supply of drugs and guns, the full manner and means by which the narcotics were being distributed, the stash locations, and the full scope of the trafficking enterprise.

Reviewing courts "grant considerable deference to [a] district court's decision whether to allow a wiretap, ensuring only that 'the facts set forth in the application were minimally adequate to support the determination that was made.'" *United States v. Concepcion*, 579 F.3d 214, 217 (2d Cir. 2009) (quoting *United States v. Miller*, 116 F.3d at 663). The facts set forth in Agent Medina's affidavits were more than adequate, and the motion to suppress is therefore denied.

So ordered.

Dated at Bridgeport, Connecticut, this 14th day of April 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge